UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI, DIVISION

FILED by _____ D.C.
SEP 06 2017
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

UNITED STATES OF AMERICA   (
                           (
                           (
         v.                (   CASE NO: 17-CV-23099-WILLIAMS
                           (           15-CR-20654-WILLIAMS
                           (   Magistrate Judge P.A. WHITE.
HECTOR GENARO LEVY         (

Before Honorable: KATHLEEN M. WILLIAMS. A U.S. Dist. Judge.

"PETITIONER'S OBJECTIONS TO REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE PATRICK A. WHITE".

Comes now HECTOR GENARO LEVY the petitioner Pro Se and self representation under **Haines v. Kerner, 404, U.S. 519, (1972),** and files this timely objections to the report and recommendation, made by Magistrate Judge Patrick A. White, and in support thereof the petitioner will state the following under oath, and under the penalty of perjury title 28 U.S.C. § 1746.

On or about August 10, 2017, petitioner filed the instant Motion pursuant to title 28 U.S.C. § 2255. And on August 22, 2017 Magistrate Judge Patrick A. White, responded with a report recomm ended that the Motion to vacate be summarily DISMISSED AS TIME-BARRED, and no certificate of appealability.

NOW the petitioner responded to magistrate judge, wrong reco mmendation, and conflict of interest that he may have on this case, it took him only 10 days to resolve this petition without giving the opportunity to the Government to respond to this peti tion, it was his job, to instruct the government to respond to such petition.

Page 1.

Petitioner asserts, that he did instruct his Attorney of filing his notice of appeal to the Eleventh Circuit Court of Appeals. His Attorney Agree to file the appeal notice, even if he was not going to file the Appeal, he failed to file his notice of appeal. NOW Mr. Levy, respectfully is asking this Honorable Court, if he has a right to appeal the sentence or not?. And if he do, then he claims that his constitutional rights has been violated under the United States Constitution. The **Sixth Amendment obligates Counsel to file a notice of Appeal when defendant requests him to do so. Strong v. Johnson, 495 F.3d 134, 138, (4th Cir. 2007).** Petitioner asserts that Counsel deprived petitioner of his **Fifth, Sixth and Fourteenth Amendments Constitutional Rights to Appeal, effective assistance of counsel, and DUE PROCESS OF LAW, when failing to file a timely notice of appeal. Francisco Gomez-Diaz v. United States 433, F.3d 788, (11th Cir. 1998). Petitioner cites " Roe v. Flores-Ortega, 528, U.S. 470, 477, 120. S.Ct. 1029, 145, L.Ed 2d 985, (2000)("Applying the reasonable effective")** legal assistance test from **Strickland v. Washington, 466, U.S. 668, 104 S.Ct. 2052, 80, L.Ed 2d 674 (1984).** To a claim that counsel was ineffective for failing to file a notice of appeal. Citing, **United States v. Tapp, 491, F.3d 263, 265, (5th Cir. 2007) See, also United States v. Harger, (Reversing and Remanding for Evidentiary Hearing On This Issue), See, United States v. Dee Ann West 240 F.3d 456, 2001 U.S. App. Lexis 1088 Dismiss in Part, Vacate in part, and Remanded. See, United States v. Grubbs (5th Cir. 2016) U.S. Dist. Lexis 67782.**

This Honorable Court should consider the following:
1- Whether there is Ineffective Assistance Of Counsel or not for not failing his notice of appeal as requested by petitioner?.

Page 2.

2- Whether Attorney should had to advice the petitioner he did not want to file the appeal?.

3- Whether his Constitutional Rights to Appeal to the Eleventh Circuit had been violated?.

4- And if so, then give the opportunity to filed his belated Appeal to the Eleventh Circuit Court of Appeals.

5- Consider petitioner Statute of limitations Under § 2255(f)(2)(3), or (4) the date on which the facts supporting the claim or claims presented could have been discovered trough the exercise of due diligence.

6- Consider § 2255, because the petitioner did not know of this statute of limitations of one year, he just learned when Honorable Kathleen M. Williams, told petitioner that he can file a § 2255 petition in order, to find relief to file his direct appeal. And if this Honorable Court finds that there is ineffective assistence of Counsel then to appoint a New Counsel to help petitioner to file his direct appeal.

7- Neverthless, an otherwise untimely § 2255 motion may be considered if a petitioner can demostrate that either he is entitled to Equitable Tolling or that a fundamental miscarriage has ocurred Equitable Tolling can be applied to prevent the application of AEDPA's statutory deadline, to cure the miscarriage of justice in this case, for Attorney's failure to file the notice of appeal.

### CONCLUSION:

For all the foregoing reasons stated above petitioner pray's that this Honorable Court Vacate his sentence and to remand for a belated Appeal, (**Direct Appeal**) to the Eleventh Circuit Court of Appeal. **God ble**ss this Honorable Court of justice.

## CERTIFICATE OF SERVICE:

I, HECTOR GENARO-LEVY, certify under penalty of perjury title 28 U.S.C. § 1746, that I had sent a Petitioner's Objections to Report and Recommendation of the Magistrate Judge Patrick A. White, to the United States "Clerk Of Court" via U.S. Postal Service.

Respectfully Submitted By: _____/s/ H. Levy_____

Dated: August 31, 2017.



HECTOR GENARO-LEVY
REG NO: 06296-104
D. RAY JAMES C.I.
PO BOX 2000
FOLKSTON, GA 31537

UNITED STATES DISTRICT COURT
Wilkie D. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue, Room 8
MIAMI, FLORIDA 33128

AUG 3 1 2017